UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| WILLIAM A. HARRIS, SR.,<br>on behalf of himself and all others<br>similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION<br>SERVICES, LLC,<br><br>      Defendant. | C/A No: 6:06-cv-01810-GRA<br><br><br>**ORDER**<br>(Written Opinion) |

  This matter comes before the Court on Defendant Equifax Information Services LLC's ("Equifax") Motion for Summary Judgment. This matter is also before the Court for a determination of whether a private litigant can obtain injunctive relief in a case brought under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u ("FCRA"). For the reasons stated below, the Court denies Defendant's Motion for Summary Judgment and declines to issue a ruling concerning the availability of injunctive relief at this time.

**FACTUAL BACKGROUND**

  Plaintiff has brought suit on behalf of himself and a putative class of consumers against Equifax for willful failure "to follow reasonable procedures to assure maximum possible accuracy" of information in credit reports." 15 U.S.C. § 1681e(b). Specifically, Plaintiff asserts that Equifax, a nationwide credit reporting

1

agency, did not include credit limit data for Capital One credit card accounts in credit reports pertaining to Plaintiff and absent class members. Plaintiff alleges Equifax submitted that incomplete data to its own scoring systems even though it knew of the actual or potential adverse impact this practice has on consumer credit scores. Plaintiff also alleges despite knowing the possible consequences for credit scores, Equifax provided the incomplete data for use by credit scoring systems operated by others.

If a cardholder's credit limit is not provided, FICO score generators are provided with the cardholder's "high credit" amount in place of the credit limit in calculating this important factor. (Hendricks Aff. ¶ 16 (Pl.'s Ex. 9); Wiklund Dep. at 36:5-37:5, 38:16-39:9, 64:21-65:11, 113:8-114:15 (Pl.'s Ex. 17)). The "high credit" amount, which is the largest amount of the available credit ever utilized by the cardholder, is generally lower than the cardholder's credit limit. (Hendricks Aff. at ¶ 17 (Pl.'s Ex. 9)). The resultant higher proportion of available credit the cardholder appears to have utilized negatively affects the cardholder's overall FICO credit score. (*Id.* at ¶ 18). Unfairly depressed credit scores can adversely affect consumer access to, as well as the cost of, credit, insurance, and other services. (*Id.* at ¶¶ 9-13).

## ANALYSIS

Equifax seeks summary judgment on two elements of Plaintiff's claim: inaccuracy and willfulness. With respect to those issues, the Court finds that this case is controlled by *Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 414 (4th

Cir. 2001). After reviewing the parties' briefs, evidence adduced, and oral argument, and in light of the fact that discovery is still open, the Court concludes that, under *Dalton*, genuine issues of material fact are presented with respect to inaccuracy and willfulness that must be resolved by a fact finder at trial rather than this Court. *See Dalton*, 257 F.3d at 415 (holding that accuracy is a jury question); *id.* at 417 (explaining as to willfulness that "summary judgment is 'seldom appropriate' on whether a party possessed a particular state of mind").

On the accuracy issue, the evidence suggests and this Court is persuaded that Equifax failed to include credit limit data for Capital One credit card accounts in credit reports pertaining to Plaintiff and other Capital One cardholders. (*See* Def.'s Resps. to Pl.'s Second Reqs. to Admit No. 9 (Pl.'s Ex. 12); LeFebvre Decl. (Pl.'s Ex. 20)). Therefore, a genuine issue of material fact as to the accuracy of Plaintiff's credit reports still exists, and summary judgement would be inappropriate. (*See* Consumer Data Indus. Ass'n, *Credit Reporting Resource Guide* 2006, EFX 744, 779, 781, 914 (Pl.'s Ex. 21); EFX 5169-5170 (Pl.'s Ex. 22); EFX 5651 (Pl.'s Ex. 23); EFX 5660 (Pl.'s Ex. 24); EFX 5970 (Pl.'s Ex. 25); Hudziak Dep. at 154-155 (Pl.'s Ex. 26)).

As to willfulness, the United States Supreme Court recently issued an opinion clarifying the relevant standard in *Safeco Ins. Co. of America v. Burr*, ___ U.S. ___, Nos. 06-84, 06-100, 2007 WL 158291 (June 4, 2007). Prior to *Safeco*, the Fourth Circuit had joined other circuits holding that the definition of "willful" under 15 U.S.C. § 1681n(a) included only those acts that were "knowingly and

3

intentionally committed . . . in conscious disregard for the rights of the consumer." *Dalton*, 257 F.3d at 418. Others, however, had embraced a more forgiving standard of "willfulness" – one that included reckless disregard. *See, e.g., Reynolds v. Hartford Fin. Servs. Group, Inc.*, 435 F.3d 1081, 1099 (9th Cir. 2006); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 227 (3d Cir. 1997). In *Safeco*, the Supreme Court unequivocally resolved this circuit split, holding that willfulness under 15 U.S.C. § 1681n(a) covers a violation committed in *reckless* disregard of Plaintiff's rights. 1997 WL 158291, at *4.

The Court finds Plaintiff has made a sufficient showing that Equifax displayed a reckless disregard for consumer rights in this matter. (*See* EFX 5169-5170 (Pl.'s Ex. 22); EFX 5651 (Pl.'s Ex. 23); EFX 5660 (Pl.'s Ex. 24); EFX 5970 (Pl.'s Ex. 25)). Plaintiff has also produced Equifax and industry documents suggesting that Equifax knew its failure to include credit limit data was harmful to consumers and not in compliance with the FCRA. (*See* EFX 744, 779, 781, 914 (Pl.'s Ex. 21); EFX 5169-5170 (Pl.'s Ex. 22); EFX 5651 (Pl.'s Ex. 23); EFX 5660 (Pl.'s Ex. 24); EFX 5970 (Pl.'s Ex. 25)). In addition, Plaintiff has produced evidence that Equifax and others successfully took action against creditors—other than Capital One—that were not providing credit limit information. (*See* FTC Report at 12-13, nn. 39 and 40 (Pl.'s Ex. 4)). Finally, the Fourth Circuit has found that willfulness can be shown with proof a credit reporting agency was aware of the unacceptable practice followed by one of its information furnishers. *Dalton,* 257 F.3d at 417. Here, Plaintiff has adduced evidence indicating Equifax was aware of

4

Capital One's practice of not providing credit limit data. (*See* Def.'s Resp. to Pl.'s First Req to Admit No. 1 (Pl.'s Ex. 11); Def.'s Answer to Pl.'s First Am. Compl. ¶ 1 (Doc. # 39)). For these reasons, whether Equifax's conduct rose to the level of willful non-compliance under the FCRA presents a genuine issue of material fact for the jury to resolve.

### **CONCLUSION**

In sum, because genuine issues of material fact have been created on accuracy and willfulness, Plaintiff's claim is inappropriate for summary disposition. On the issue of the availability of injunctive relief, the Court concludes that although it is aware of contrary authority, none of it is binding on this Court, and that such authority is inconsistent with *Califano v. Yamasaki*, 442 U.S. 682, 705 (1979)("Absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction."). Accordingly, the Court concludes it has not been divested of its authority to issue injunctive relief in this case. The precise fashioning of that injunctive relief, should the Court decide such relief is appropriate, will await further proceedings and the introduction of further evidence by the parties.

Therefore, IT IS ORDERED that Defendant Equifax's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

June 26, 2007
Anderson, South Carolina

5